UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------X
ALICIA BRIGGS,

             Plaintiff,

  -against-

WOMEN IN NEED, INC.

            Defendant.
-----------------------------------------X

**MEMORANDUM AND ORDER**
10-CV-02265 (RRM)(JO)

MAUSKOPF, United States District Judge.

*Pro se* plaintiff Alicia Briggs filed this action pursuant to Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act ("ADEA") of 1967, alleging that defendant Women in Need, Inc., discriminated against her. Plaintiff's request to proceed *in forma pauperis* is granted. Plaintiff's ADEA claims is dismissed. As set forth below, the Court directs plaintiff to show cause by written affirmation, filed within 30 days from the date of this Order, why the remaining Title VII claim should not be dismissed as time-barred.

### STANDARD OF REVIEW

Under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(I) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The Court construes plaintiff's pleadings liberally particularly because they allege civil rights violations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).

1

## BACKGROUND

Plaintiff alleges that she was employed by Women in Need until she was terminated sometime in December 2007 or January 2008. Plaintiff alleges that on May 23, 2007, she was placed on medical leave due to her high risk pregnancy. (Complaint at 4.) She attaches a number of documents regarding her disability benefits claims which were paid by Unum Life Insurance Company from May 24, 2007 until November 28, 2007, six weeks after delivery of her child on October 19, 2007. Plaintiff maintains that she had been told that she would be able to return to an "8 to 4" schedule but that when she telephoned defendant on December 11, 2007 to inform Women In Need that she could return to work on January 21, 2008 per her doctor's orders, she was "fired." (*Id.*) Plaintiff states that she was also told that she was fired because she failed to report to work on January 21, 2008.[1] (*Id.*) Plaintiff avers that she filed an administrative charge regarding the alleged discriminatory conduct on March 16, 2010. She does not attach the charge and does not submit a "right to sue" letter from the Equal Employment Opportunity Commission ("EEOC"). She signed the complaint on March 26, 2010, but it was not filed with the Court until May 12, 2010. She does not allege any basis for discrimination; she only provides her date of birth.

## DISCUSSION

A. <u>ADEA Claim</u>

Since plaintiff was born on November 10, 1974, Complaint at ¶ 7, she was thirty-three

---

[1] Plaintiff provides the date of January 21, 2009 at one point but it is clearly an error since all other dates refer to the period of the Fall of 2007 to early 2008.

years old at the time of the allegedly discriminatory conduct. The ADEA limits the protected class to those who are 40 or older. 29 U.S.C. § 63; *Spain v. Ball*, 928 F.2d 61, 62-63 (2d Cir. 1991). Thus, plaintiff's ADEA claim is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

B. Title VII Claim

1. *300-Day Filing Period*

Before bringing a suit in federal court under Title VII and the ADEA, a private plaintiff must file a timely administrative charges with the EEOC, either directly or through an authorized state or local agency, here the New York State or Division of Human Rights, or the New York City Commission on Human Rights. *See* 42 U.S.C. §§ 2000e-5(e)(1), (f)(1) (Title VII); 29 U.S.C. § 626(d), 633(b) (explaining the statutory limitations of ADEA claims). In New York, a charge must be filed with the EEOC within 300 days of the allegedly unlawful employment practice. *See* 42 U.S.C. §§ 2000e-5(e); 29 U.S.C. § 626(d); *Weeks v. New York State (Div. Of Parole)*, 273 F.3d 76, 82 (2d Cir. 2001) (citing *Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 712 (2d Cir. 1996)). This statutory requirement effectively acts as a statute of limitations and claims are barred by the failure to file a timely charge. *Van Zant*, 80 F.3d at 712. The statute of limitations begins to run when each discriminatory and retaliatory act occurs. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113-14 (2002).

The Second Circuit has recognized that the time limits established by Title VII are "subject to waiver, estoppel, and equitable tolling." *Downey v. Runyon*, 160 F.3d 139, 145 (2d Cir. 1998) (quoting *Zips v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)). Equitable tolling may, in exceptional circumstances, excuse a failure to follow the filing requirements of

Title VII. *See Miller v. Int'l Tel. & Tel. Corp.*, 755 F.2d 20, 24 (2d Cir. 1985). However, plaintiff has the burden to show that the exceptional circumstances prevented her from filing the EEOC charge in order to apply equitable tolling to the 300-day filing period. *Id.*; *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000). When the plaintiff fails to file a timely charge, a subsequent civil action is generally time-barred. *See Hansen v. Danish Tourist Bd.*, 147 F. Supp. 2d 142, 155 (E.D.N.Y. 2001) (dismissing claims of discrimination that occurred prior to 300 days before plaintiff filed EEOC charge as untimely).

Here, plaintiff alleges that the discriminatory conduct occurred when she was terminated sometime between December 11, 2007 and January 21, 2008, but she did not file an administrative charge until March 16, 2010, well beyond the 300-day filing period. While plaintiff's claim clearly falls outside the timely filing requirement, this deficit does not necessarily preclude adjudication of this action if plaintiff can show that she is entitled to equitable tolling.

2. *No Right to Sue Letter for Title VII Claim* [2]

In addition, plaintiff has not attached a Right to Sue Letter to her complaint indicating that she has exhausted her administrative remedies, an essential element of Title VII's statutory scheme. *Butts v. City of New York Depot of Hour. Pres. & Dev.*, 990 F.2d 1397, 1401 (2d Cir. 1993); *see also Coleman v. Board of Educ.*, No. 96 CV 4293, 2002 WL 63555, at *3 (S.D.N.Y. Jan. 15, 2002) ("There are two prerequisites for filing a Title VII action in federal court; plaintiff

---

[2] There is no provision in the ADEA that requires a claimant to receive such a letter before commencing a court action under the ADEA. *See e.g. Hodge v. New York College of Podiatric Medicine*, 157 F.3d 164, 168 (2d Cir.1998) ("Whereas Title VII plaintiffs must receive a 'right-to-sue' letter from the EEOC before filing suit in court, ... ADEA plaintiffs .... can sue in court even if the EEOC has not yet completed its investigation ....").

4

must (1) file a timely charge of employment discrimination with the EEOC and (2) receive a notice of the right-to-sue letter."). A Title VII complainant may choose to pursue his or her grievance through a private enforcement action and request a "right-to-sue" letter from the EEOC, but only after 180 days have passed since filing the claim with the EEOC. See 42 U.S.C. § 2000e-5(f)(1). Should the action not be time-barred, once 180 days have elapsed since the filing of her charge, that is, plaintiff may request a Right to Sue letter from the agency with which she filed her administrative charge.

C. Grounds

Title VII protects a limited class of persons from discrimination. Protection is limited to individuals who are discriminated on the basis of "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1), (2). The complaint fails to allege any basis for discrimination. Complaint at ¶ 7. Plaintiff must allege the basis on which defendant allegedly discriminated against her in order to state a claim under Title VII.

## CONCLUSION

Accordingly, plaintiff's claim under the ADEA is dismissed and plaintiff is hereby directed to show cause why the Title VII portion of her complaint should not be dismissed as time-barred by filing a written affirmation within 30 days of this Order. In addition, she must provide a basis for her claim of discrimination under Title VII and a copy of the "right to sue" notice from the EEOC. No summons shall issue at this time and all further proceedings are stayed for 30 days or until plaintiff has complied with this Order. If plaintiff fails to comply with this Order within the time allowed, the complaint shall be dismissed as time-barred and judgment shall enter. The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order

would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
May 20, 2010

ROSLYNN R. MAUSKOPF
United States District Judge